IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:07cr73-MEF |
| ) | |
| WILLIE K. WARREN ) | |

UNITED STATES OF AMERICA'S MOTION
FOR A PRELIMINARY ORDER OF FORFEITURE

The United States of America (United States), by its undersigned counsel, requests this Honorable Court to enter the attached Preliminary Order of Forfeiture and make entry of said Order part of its oral pronouncement of sentence. The United States further requests that entry of this Order be noted on the written Judgment in a Criminal Case.

Defense counsel does not oppose entry of a Preliminary Order of Forfeiture.

Respectfully submitted this 24th day of May, 2007.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone:(334) 223-7280
Facsimile:(334) 223-7560

CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2007, I electronically filed the foregoing Motion and Proposed Preliminary Order of Forfeiture with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kevin Butler and Matthew W. Shepherd.

Respectfully submitted,

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney

                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF ALABAMA
                           NORTHERN DIVISION

UNITED STATES OF AMERICA        )
                                )
            v.                  )    CR. NO. 2:07cr73-MEF
                                )
WILLIE K. WARREN                )

                     PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the Forfeiture Allegation of the indictment in the above case, the United States sought forfeiture of specific property, and,

WHEREAS, defendant consents to the forfeiture of specific property,

IT IS HEREBY ORDERED THAT:

1.   As a result of the guilty plea on Count 1 of the indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), the defendant shall forfeit to the United States: all firearms and ammunition involved in the commission of the violation of Title 18, United States Code, Section 922(g)(1).

2.   The Court has determined that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c); that the defendant had an interest in such property; and, that the United States has established the requisite nexus between such property and such offense:

> **One Rossi, Model Amadeo Rossi, .38 caliber revolver, serial number 234829.**

3. Upon the entry of this Order, the United States Attorney General is authorized to seize the above-listed property and conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6. Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) which incorporates Title 21, United States Code, Section 853(n)(6).

7.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the oral pronouncement of sentence and included in the written judgment in a criminal case. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.   Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

9.   After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10.  The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 28, United States

Code, Section 2461(c), for the filing of third party petitions.

    11.  The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

    12.  IT IS FURTHER ORDERED that the Clerk of the Court shall note entry of this Order in writing on the Judgment in a Criminal Case and forward two certified copies of this Order to the United States Attorney's Office.

    SO ORDERED this the _____ day of _____, 2007.


                                _____
                                UNITED STATES DISTRICT JUDGE